REID, Judge.
Plaintiff, Roy D. Wilson, brought this action against Cox Brothers, Inc., owner and operator of an automotive service station at 7550 Plank Road, in the Parish of East Baton Rouge, Louisiana, Hardware Mutual Casualty Company, liability insurer of Cox Brothers, Inc., and The Baton Rouge Water Works Company, for injuries allegedly sustained on the premises of Cox Brothers, Inc. Plaintiff alleges on or about March 17, 1962, at approximately 9:00 A.M. he drove his employer’s truck onto the premises of Cox Brothers, Inc. for the purpose of buying gasoline. Plaintiff further alleges on the premises owned and/or operated by Cox Brothers, Inc. there existed a large hole in which a piece of concrete or terra cotta pipe had been placed in an upright position, that the hole was filled with water and debris making it impossible to distinguish it from the surrounding area and that as petitioner alighted from his employer’s truck he stepped off the concrete drive into said hole and was violently thrown to the ground. Plaintiff alleged it was his belief the pipe had been placed in the ground by agents and employees of The Baton Rouge Water Works Company but subsequently dismissed his suit as to Baton Rouge Water Works Company. Plaintiff sued for $30,- *327 000.00 for his physical and mental pain, suffering, anxiety, permanent injury and disability; $179.30 medical expenses; $1,-000.00 for loss of wages and $1,000.00 for anticipated future medical expenses, or a total of $32,179.30. The case was tried on November 28, 1962, and for written reasons assigned judgment rendered in favor of plaintiff, Roy D. Wilson, and against defendants, Cox Brothers, Inc. and Hardware Mutual Casualty Company, jointly and in solido, for the full and true sum of $2,924.30, together with interest from date of judicial demand until paid and all costs, from which judgment defendants have taken this appeal.
Plaintiff filed an answer to the appeal praying the award of the Lower Court be increased to the sum of $32,179.30. Defendants then filed a motion to dismiss plaintiff’s answer to the appeal alleging it had been taken too late and, therefore, not filed in conformity with the provisions of LSA-Code of Civil Procedure, Article 2133, whereupon the plaintiff filed a response to defendants’ motion to dismiss alleging it was not timely filed.
There is a dispute as to the exact circumstances surrounding plaintiff’s accident. However, certain of the facts are not in dispute. The facts further show the truck in which the plaintiff was riding as a passenger and which was owned by Mr. Dennis Pickering, his employer, and which at the time of the accident was driven by another employee, Rufus Merritt, was being driven in a northerly direction on Plank Road when it pulled into the defendants’ service station for servicing. The driver of the truck testified he pulled the truck up as close as possible to a concrete island wherein the gas pumps were located. Immediately west of the gas pumps was a curbing painted red surrounding what the defendants maintain is a work area, which is referred to as a planter box. On the northern extension of the curbing from the planter box there is contained a water connection surrounded with terra cotta pipe, which said water connection is separated from the service apron by a six inch curb. The diameter of the terra cotta pipe was 12 inches, while the hole was approximately 17 inches deep. It was into this hole that the plaintiff allegedly stepped or fell thus causing the injury complained of.
A survey of the premises shows the work area was 15.1 feet from the curbing and it was stipulated by counsel the truck had a measurement of 8 feet in width at the wheels and the width of the body of the truck was 10 feet. The record further discloses the area immediately north and east of the water connection was used as a parking area.
There is a great deal of variance in the testimony as to what actually transpired at the time of the accident. Plaintiff in his petition alleged he had alighted from his employer’s truck and while standing on the concrete drive about 3 feet from the truck he stepped off the concrete and into the hole and was violently thrown to the ground. However, at the time of the trial plaintiff and some of his witnesses testified he was stooping on the six inch curb attempting to check the air in the left rear tire on the truck and after he had completed this task he turned to view a truck parked on the shoulder of Plank Road immediately west of the service station and when he turned around he stepped back into the hole and fell backward. The defendant on the other hand maintains plaintiff made no attempt to check the tires but after alighting from the truck he became interested in the truck parked adjacent to Plank Road, that he proceeded around the truck, crossed the curb and stumbled on the piece of terra cotta pipe surrounding the water connection.
Mr. Cox, one of the owners of the service station, testified the area surrounding the pipe was not intended for a passageway for business guests but was a work area, and that it had been there for approximately 10 years during which period no accident had occurred. Mr. Cox further testified since the time of the accident a metal cover had been placed over the cut off pipe, thus covering the hole. The record further *328 discloses although the area was considered a work area or service area by defendant company customers sometimes used both the service area and the parking area surrounding the water connection.
The Trial Judge in his written reasons for judgment found as of fact plaintiff upon alighting from the truck had stepped off a concrete curb and did not make a factual determination as to exactly how the accident had occurred.
The Trial Judge found that plaintiff was an invitee on the premises and the duty of the owner of the premises as to invitees is to exercise ordinary care and determining whether such care has been exercised it is proper to consider the uses and purposes for which the property in question is primarily intended. There is no question but what plaintiff in this case was an invitee and was not a licensee.
Defendant argues that as plaintiff was not upon that part of the property or premises which had been thrown open for use to plaintiff as an invitee the defendant was, therefore, under no obligation toward him as an invitee. The defendant further argued the law requires a business guest or invitee to be observant as to where and how he is going so he may avoid danger which ordinary care and prudence would disclose and the failure of the plaintiff to employ the care which an ordinary and prudent person would have exercised under similar circumstances constituted contributory negligence.
It is the opinion of this Court the central issue involved is not as to how the accident actually occurred but whether defendant was guilty of negligence in maintaining his premises as he was required to do in regard to an invitee and whether or not the facts show plaintiff as an invitee had a right to be in the area where the accident occurred and if having a right to be there whether or not his recovery would be barred by contributory negligence.
The Trial Court in this regard held as follows:
“The Court is of the opinion that, inasmuch as the pictures shown in evidence and the testimony of the witnesses show this area was used for parking, and that customers did go upon this portion of the premises, and that there was no barricade or warning of any kind, except for a red curbing, the Court does not feel that this is an adequate warning, and that an invitee does not have to constantly look to see where he is stepping in order to avoid being contributorily negligent.
“The Court is further of the opinion that plaintiff went upon these premises with the express or implied invitation of Cox Brothers, Inc., and for the advantage of at least Cox Brothers, Inc., if not for mutual advantage, and that the duty owed to this invitee is that of reasonable and ordinary care. However, it is admitted by the Court that the owner of the premises is not an insurer of the safety of the invitee, and he is not required to keep the premises absolutely safe. However, the Court is of the opinion that, in this case, Cox Brothers, Inc., failed to take reasonable or ordinary care in protecting the invitee from this hole which they had placed in an area immediately adjacent to the portion of the premises where trucks and automobiles stopped to be serviced. It is in order to note that they have since placed a lid over this hole, in order to keep other people from falling into the same trap.”
An examination of the record in this case clearly establishes facts which although disputed would substantiate the Trial Court’s findings. There is no question but what the area wherein the accident occurred was one in which customers of the defendant company traversed. This fact was admitted by Mr. Cox. The record is further clear there were no warning signs, there were no signs for employees only and the only indi *329 cation which a pprson would have of any danger was a 6 inch red curbing, which curbing was primarily used to protect the area, including the sign post, meter box and shut off valve located in the service area, from being run into by automobiles.
 In view of the above it is the opinion of this Court that the Trial Court’s finding of fact in this regard cannot be considered erroneous and that as the plaintiff, who was an invitee upon the premises of the defendant, had a right to be in the area he was under no duty to make a specific observation of the condition of the ground prior to his stepping into the hole.
The Trial Court awarded damages to plaintiff in the amount of $2924.30. Al-' though the Trial Court did not break this award down it is apparent from his reasons for judgment that of this amount $304.30 was for medical expenses and $1120.00 for loss of wages. The record shows the plaintiff earned approximately $17.00 per day and his take home pay averaged $70.00 per week, and he was off from work for approximately 4 months. Based upon this fact it is apparent the Trial Court awarded the plaintiff $1500.00 for pain, suffering and partial disability.
As a result of the accident the plaintiff suffered a linear fracture of the first thoracic vertebra and a sprain of the cervical masculature. He was seen by Dr. Joseph Noto on March 17, 1962, who had x-rays made on this date. Subsequent x-rays were taken on May 3, July 30 and October 15. Plaintiff was later referred by Dr. Noto to Dr. James Halley, Orthopedic Surgeon, who first saw the patient on July 30, 1962, and who testified from examination of the earlier x-rays, the x-rays made by him on July 30 and a later x-ray made by Dr. Roberts and Gehebar on October 15, 1962 conclusively showed the plaintiff had suffered a fracture and his injury was not congenital. Plaintiff testified his neck hurt him for approximately 2i/¿ to 3 months and it is further shown that he had worn a Thomas collar for approximately 31/4 to 4 months.
In view of the above the award of the Trial Court in this matter is not excessive or inadequate.
For the above and foregoing reasons the judgment of the Trial Court is affirmed.
Affirmed.